McKinney, J.,
delivered the opinion of the Court.
This was an action of debt, commenced before a justice. The ground of the action is as follows:
Williams sold to Willhite a piece of land lying in White county, for the consideration of $400, and executed a bond for title, binding himself to convey the same on payment of the last instalment of the purchase money.
Willhite paid $100 down, and executed his bill single for the remaining $300, payable on the 1st of January, 1856. At the maturity of the note, Willhite offered Williams the money in discharge thereof, and demanded a conveyance for the land; but the latter replied that he could not then make a title, as the title was still in one Mason. Afterwards, Williams procured a conveyance to be made from Mason to Will-hite ; and, thereupon, the latter paid Williams $300, the principal of said note, for which a credit was entered, dated 5th of January, 1857. Afterwards, on the 25th of July, 1857, this suit was commenced on the note, to recover the interest which had accrued thereon from the time of its maturity. The facts were agreed upon, and submitted to the determination of the Court; and judgment was rendered against the plaintiff.
We think the judgment is correct. By sec. 4124 of the Code, it is provided, that “Any justice of the peace, and any Court of this State, before whom any cause may be pending, by appeal or otherwise, where the subject matter does not exceed fifty dollars, shall hear and determine such cause upon principles of equity, and render such judgment or decree as the merits of the case may require, as fully, and in the same manner, as Courts of Chancery.”
Whatever objection might have been urged against the judgment, on common law principles, is entirely obviated by this provision of the Code. It would be most inequitable to *346 permit the plaintiff to exact interest, after an offer to pay the money when it fell due, on his complying with the condition of his bond, which he then failed to do: a Court of Equity would not tolerate such a demand.
Judgment affirmed.